NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHRISTOPHER E. BAIKER, a resident of Arizona, *Plaintiff/Appellant*,

*v.*

ASHLEY DORRANCE KAPLAN, a resident of California,
*Defendant/Appellee*.

No. 1 CA-CV 15-0033
FILED 6-2-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-091912
The Honorable David K. Udall, Judge

**REVERSED AND REMANDED**

COUNSEL

Limón-Wynn Law, PLLC, Tempe
By Monica A. Limón-Wynn
And
Jones, Skelton & Hochuli, P.L.C., Phoenix
By Eileen Dennis GilBride
*Counsel for Plaintiff/Appellant*

Dickenson Wright, Phoenix
By Robert L. Schwartz, Scott A. Holcomb, Anne L. Tiffen
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Maurice Portley and Judge Patricia K. Norris joined.

---

**T H O M P S O N**, Presiding Judge:

¶1            Christopher E. Baiker (father) appeals from the trial court's dismissal of his breach of contract claim against Ashley Dorrance Kaplan (mother).  This action arises from a vacation scheduling conflict between the parents during the summer of 2013, and whether such conflict amounted to mother breaching their parenting agreement.  Finding mother did seek to modify the agreement, but finding a question of fact as to whether she acted in good faith, we reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

¶2            The essential facts are largely undisputed.  Mother and father are the divorced parents of two minor children.  They have an Amended and Restated Joint Custody Agreement (parenting agreement) which gives father priority summer vacation scheduling in odd numbered years and mother in even numbered years.

¶3            Before consulting with father, and perhaps as early as late 2012, mother booked two extended family vacations for the children during the summer of 2013.  Father rejected that schedule and, sometime later at the suggestion of their parenting coordinator, submitted his proposed schedule.  Mother objected to the schedule as it conflicted with her plans and was set such that she would never have the children for any two consecutive weeks over that summer.

¶4            Father filed an Expedited Motion to Enforce Summer Parenting Time Schedule in the Dissolution Action seeking enforcement of his odd-year numbered vacation priority.  Mother filed a response seeking an order permitting her to take the children on the disputed vacations.  Mother alleged father was being purposefully and unreasonably obstructionist regarding her plans.  She asserted father was not using his "best efforts," as required in the parenting agreement, to amicably resolve issues as they occur and in order to limit litigation.

¶5 Eventually, the parenting coordinator recommended that father's schedule have priority, it being an odd year. The family court adopted that recommendation and granted father a portion of his attorneys' fees.

¶6 In the family court, father then filed a motion asserting mother breached their parenting agreement by attempting to modify their custody arrangement and he was entitled to damages as outlined in their Supplemental Property Agreement (SPA). Mother filed a motion to dismiss asserting father needed to bring a separate civil suit for any breach of contract claim, and also res judicata. After briefing and oral argument, the family court granted mother's motion to dismiss; it did not award attorneys' fees to either party. The family court specifically found neither party had acted unreasonably.

¶7 Father then filed the immediate suit in superior court. Mother filed a motion to dismiss arguing: (1) the penalty provision of the SPA is unenforceable as a matter of law; (2) claim preclusion prohibits the bringing of this suit because father already recovered in the family court matter when the court ruled in his favor on the vacation issue; and (3) there was no breach by mother. Father responded.

¶8 After oral argument and briefing, the trial court dismissed father's complaint with prejudice. The trial court found: (1) father initiated the proceedings below and mother was merely the responsive party, (2) there was no prerequisite finding mother acted in bad faith, as required before asserting a breach of parenting agreement, and (3) mother did not breach the agreement. The trial court reiterated that the family court had found neither parent had acted unreasonably. Following the dismissal of the civil suit, mother was awarded attorneys' fees in the amount of $25,130 under Arizona Revised Statutes (A.R.S.) § 12-341.01. Father timely appealed.

DISCUSSION

¶9 On appeal from the dismissal of his complaint, father asserts the trial court erred in finding mother did not breach the parenting agreement by attempting to modify it in a manner inconsistent with the SPA, in finding she did not act in bad faith, and in awarding her attorneys' fees. He further argues that the breach provision in the SPA is enforceable and does not violate public policy, and that res judicata does not preclude this action.

¶10 Dismissal is appropriate under Arizona Rule of Civil Procedure 12(b)(6) only if "as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8, 284 P.3d 863, 867 (2012). We review de novo the grant of a dismissal under Rule 12(b) (6). *Id.* "[W]e do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, ¶ 4, 121 P.3d 1256, 1259 (App. 2005).

¶11 The asserted basis for father's complaint is that mother "violated the express terms of Paragraph 5¹ of the SPA when she sought an order from the Family Court seeking to modify the [parenting] agreement between the parties relative to summer parenting time." The trial court granted mother's motion to dismiss under Rule 12(b)(6). It found, as a matter of law, father could not be entitled to relief because: mother's actions did not breach the contract, mother was the responsive rather than the initiating party, and there had been no finding that mother acted "in bad

---

¹ The supplemental property agreement, Section 5 "Breach of Agreement," states, in pertinent part:

> This Agreement and the Amended Joint Custody Agreement are intended to be a final and complete resolution of the pending issues between the parties and each party is executing this Agreement in reliance thereon. The parties have therefore agreed to financial incentives to avoid future litigation regarding the Amended Joint Custody Agreement. If either party files any action in any court that challenges, or attempts to modify or revoke any provision of this Agreement or the Amended Joint Custody Agreement except as set forth in paragraph 5.1¹, and a court of competent jurisdiction determines the party had no good faith belief for believing such grounds existed, the party filing such action will be considered in breach of this Agreement. In the event of a breach by Ashley, all Supplemental Funds, if any remaining, otherwise owed to Chris by Ashley shall be accelerated and paid to Chris and Ashley's interest, any, in the LLC shall immediately transfer to Chris.

faith" by a court of competent jurisdiction as required by the parenting agreement.

¶12        Clearly, father had priority vacation scheduling the summer of 2013. The parenting agreement reads:

> The parties shall communicate with each other no later than April 1 of each year to decide the summer visitation schedule. In the event the parties cannot reach agreement, Mother's choice of parenting time shall control in even years, and Father's choice of time in odd years.

The trial court found mother did not bring an action but was a responsive party only. We disagree. *See, e.g.,* the Uniform Child Custody Jurisdiction and Enforcement Act, A.R.S. § 25–1002(11)(2007) ("Modification means a child custody determination that changes, replaces, supersedes or is otherwise made after a previous determination concerning the same child, whether or not it is made by the court that made the previous determination."). Mother refused, twice, to accept the parenting coordinator's report endorsing father's view and then brought the issue before the court asking that the court allow her to take the children on the vacations she had scheduled. That request is an affirmative action seeking modification. The family court's order, likewise, concluded that "Mother sought an order from the Court *seeking to modify the agreement* between the parties relative to summer parenting time based primarily upon the fact that she had purchased tickets and made reservations for family vacations she wished to take with the children in spite of the fact that father had plans that conflicted with Mother's plans, of which Mother was made aware on a timely basis." (Emphasis added.)

¶13        We next address the trial court's finding that mother did not act in bad faith in bringing this action. Paragraph 5 of the agreement triggers if a parent brings an action to modify the agreement, without a "good faith basis" for believing that one of the enumerated grounds for such a modification existed. It was insufficient for the trial court to make this finding based on the family court's determination, in an attorneys' fees ruling under A.R.S. § 25-324, that neither parent acted unreasonably. The determination of good faith or bad faith cannot, here, be based solely on the bare pleadings. For these reasons, we reverse that determination and remand for further proceedings.

¶14        Father, in one line in his opening brief, asserts the trial court erred in awarding mother fees under A.R.S. § 12-341.01, because it first

erred in determining she was the successful party. The grant or denial of attorneys' fees is generally within the discretion of the trial court, and this court will not overrule such a decision if it is reasonably supported by the record. *West v. Salt River Agri. Imp. and Power Dist.*, 179 Ariz. 619, 626, 880 P.2d 1165, 1172 (App. 1994) (citation omitted). However, because we find the attorneys' fees award below premature, we reverse the award.

¶15 Both parties seek attorneys' fees on appeal under A.R.S. § 12-341.01. Neither party is awarded fees, as there is not yet a successful party. *See* A.R.S. § 12-341.01.

## CONCLUSION

¶16 For the above stated reasons, the trial court is reversed.



Ruth A. Willingham · Clerk of the Court
FILED: AA